378 A.2d 459

**COMMONWEALTH of Pennsylvania**

v.

**Michael RUSSMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

Daniel T. Zamos, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt and Charles W. Johns, Assistant District Attorneys, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On February 4, 1976, Richard Piatt and a canine companion were walking on the sidewalk in Mt. Oliver, near Pittsburgh. As he walked, he observed appellant Michael Russman, aged 17, driving his car on the street. Appellant drove his car up onto the sidewalk, pinning Piatt against a wall. To escape being crushed, Piatt leapt onto the hood of the car. Appellant, with Piatt still in this precarious position, sped down the street and came to a sudden halt. Piatt was hurled from the hood of the car to the pavement, suffering a fractured thumb.

On March 29, 1976, appellant was adjudicated a delinquent. The court placed appellant on probation in the custody of his grandmother, and, as a condition of the probation, appellant was not to drive a car. The court sent

appellant's license, a copy of the petition, and a copy of the order to the Department of Motor Vehicles in Harrisburg, recommending that appellant's license be suspended for one year.

On appeal, appellant's sole contention is that the lower court had no power to suspend his right to operate a motor vehicle as a condition of probation. Appellant respectfully suggests that the proper remedy is to modify the order of disposition to probation alone. We respectfully disagree.

Section 50–322(2) of the Juvenile Act[1] provides:

"If the child is found to be a delinquent child the court may make any of the following orders of disposition best suited to his treatment, supervision, rehabilitation, and welfare:

.    .    .    .    .

(2) Placing the child on probation  .    .    .    under conditions and limitations the court prescribes."

In *Trignani's Case*, 148 Pa.Super. 142, 144–45, 24 A.2d 743, 744 (1942), this court stated that,

"[i]n placing a juvenile on probation, a court undoubtedly may impose such terms as will bring home to the minor a realization of the seriousness of his delinquency  .    . the terms imposed must be wholly in the interest of the child, looking toward his reformation and not to make good the damages flowing from his illegal act."

■■ It is clear that the legislature intended to bestow broad discretion on juvenile courts to design remedies which would aid in the reformation of juvenile offenders. We cannot say that the condition of probation imposed by the court in this case was not best suited to appellant's "treatment, supervision, rehabilitation, and welfare  .    .    ."[2]

The order of disposition of the lower court is affirmed.

1. Act of December 6, 1972, P.L. 1464, No. 333, § 25(2) (11 P.S. § 50–322(2) (Supp.1976–77)).

2. We find *Commonwealth v. Kline*, 235 Pa.Super. 156, 340 A.2d 562 (1975) distinguishable in that this appeal involves a condition of probation and the discretion of the juvenile courts under the Juvenile Act.