Commonwealth *v.* Kline, Appellant.

Argued March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John E. Feather, Jr.*, with him *Feather and Feather*, for appellant.

*Edwin W. Frese, Jr.*, Deputy District Attorney, with him *Marion E. MacIntyre*, Deputy District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

Irvin Thomas Kline, the appellant, was arrested in Derry Township, Dauphin County, by an officer of the Derry Township Police Department on December 29, 1973. He was charged with a violation of §1037 of The Vehicle

Code,[1] operating a motor vehicle while under the influence of alcohol or drugs. On June 6, 1974, appellant entered a plea of "guilty as charged" to an indictment charging him with the cited violation.

Following this guilty plea, Judge William W. CALD-WELL of Dauphin County imposed a fine of $250.00 and directed the appellant to pay the costs of prosecution.[2] The court further directed him to forward his operator's license to the Clerk of Courts of Dauphin County within 48 hours.

The sole issue presented here concerns the powers of a sentencing judge in a criminal case where a defendant is to be sentenced on a charge of operating a motor vehicle while under the influence of intoxicating liquor. By ordering the appellant to surrender his operator's license to the Clerk of Courts, the sentencing judge has, in effect, suspended the appellant's operating privileges.

Under the penalty provisions of §1037 of The Vehicle Code:

> "Any person violating the provisions of this section, shall be guilty of a misdemeanor, and shall, upon conviction . . . be sentenced to pay a fine of not less than one hundred dollars ($100.00) and not more than five hundred dollars ($500.00) and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment."

These are the only penalties provided in §1037, and unless the penalty is specifically provided within the penalty paragraph of the statute in question, the sentencing judge has no power to impose it. This has been the rule in the Commonwealth since *Daniels v. Commonwealth*, 7 Pa. 371 (1847), where it was ruled that a court should

1. Act of April 29, 1959, P.L. 58, §1037 (75 P.S. §1037).

2. Act of June 19, 1911, P.L. 1055, §1, May 7, 1925, P.L. 554, No. 297, §1 (19 P.S. §1051).

not inflict punishment beyond the express terms of the act. It is not within the power of the courts to usurp functions that belong to the legislature. *Krivosh v. City of Sharon,* 205 Pa. Superior Ct. 498, 211 A.2d 109 (1965).

The Vehicle Code addresses itself to the suspension of licenses or operating privileges. It provides specific procedures for suspension in Section 616 and in Section 618.[3] Suspension is a power which originates with the *Secretary,* and both sections empower the *Secretary* to suspend operating privileges. Under §102 of The Vehicle Code,[4] the term Secretary is defined as "The Secretary of Transportation of this Commonwealth." Therefore, from the language of the statute, it is explicit that the only person empowered to suspend operating licenses or operating privileges in this Commonwealth is the Secretary of Transportation.

The sentence imposing a fine of $250.00 and directing the appellant to pay the costs of prosecution is affirmed. The portion of the sentence directing appellant to forward his operator's license to the Clerk of Courts of Dauphin County is vacated.

CONCURRING OPINION BY VAN DER VOORT, J.:

I join Judge PRICE'S Opinion with the understanding on my part that our decision does not imply that the Court is without power and authority to proscribe the operating of a motor vehicle by one convicted under Section 1037 of The Vehicle Code (operating a motor vehicle under the influence of intoxicating liquor or drugs) as a condition of probation for a length of time not exceeding the period of probation.

3. Act of April 29, 1959, P.L. 58, §616 and §618, *as amended* (75 P.S. §616 and §618).

4. Act of Jan. 10, 1972, P.L. 748, No. 177, §1, *as amended* (75 P.S. §102).