386 A.2d 590

**COMMONWEALTH of Pennsylvania**

v.

**Bruno PETRILLO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

Albert C. Oehrle, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On April 7, 1976, appellant pleaded guilty to 23 informations charging him with election irregularities during absentee balloting in the Borough of Norristown prior to the primary election of May, 1975. At that time appellant was an incumbent councilman seeking reelection. On this appeal appellant challenges the lawfulness of his sentence and the validity of his plea.

The informations fell into four categories: unlawful interference with an elector when marking his ballot, Election Code, Act of June 3, 1937, P.L. 1333, art. XVIII, § 1830, 25 P.S. § 3530; possession of an elector's absentee ballot outside the polling place, Election Code, *supra,* 25 P.S. § 3516; conspiracy to prevent a free and fair primary election, Election Code, *supra,* 25 P.S. § 3527; and criminal conspir-

acy, Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 903.

At the time of the guilty plea, the court had appellant's counsel conduct, on the record, a colloquy with appellant that covered the permissible range of sentences and fines for the offenses charged. *See* Pa.R.Crim.P. 319(a). After accepting appellant's plea of guilty to the offenses charged, the court ordered appellant released on probation for two years, and also ordered him to pay costs and a $50.00 fine, and to render volunteer service for six hours a week. Then the court called a witness, the Chief Clerk of the Voter Registration Commission, who had brought appellant's voter registration slip to the court room. After reading into the record those provisions of the Election Code that provide that anyone who wilfully violates any provision of the Code shall be disfranchised for four years,[1] the court ordered the witness to mark appellant's registration card "canceled." Appellant had never been told, on the record, of this possibility.

Appellant first argues that while everything else constituted a valid sentence, the disfranchisement was outside the power of the court because it was not included in the express terms of the penalty language of the statutes on the basis of which the information was drawn. For authority he cites *Commonwealth v. Kline,* 235 Pa.Super. 156, 340 A.2d 562 (1975). In *Kline,* the defendant was charged with driving while under the influence of alcohol. The court

1.  § 3552. *Persons convicted of violating act to be disfranchised for four years*

    Any person convicted of the willful violation of any provision of this act shall, in addition to any of the penalties herein provided for, be deprived of the right of suffrage absolutely for a term of four years from the date of his conviction, and it shall be the duty of the proper registration commission to cause one of its members at the request of the trial judge to produce in court at the time of sentence the district register containing the registration card of such convicted person, which registration card shall thereupon be forthwith cancelled in open court in the presence of the convicted person by a member of the registration commission, who shall promptly also cancel the registration card of such convicted person in the general register. 1937, June 3, P.L. 1333, art. XVIII, § 1852.

fined him and ordered him to forward his operator's license to the county clerk of courts. This court viewed this order as in effect a suspension of the defendant's operating privileges, and vacated it because suspension was not provided for "within the penalty paragraph of the statute in question . . . ." 235 Pa.Super. 158, 340 A.2d 563. This court further noted that under the Vehicle Code, the suspension of operating privileges is a power that originates with the Secretary of Transportation of the Commonwealth.

██ Appellant apparently would have us read *Kline* literally. We think it clear, however, that the crucial characteristic of *Kline* was, not that the enabling language conferring the power to suspend was not found in a given *paragraph,* but that the power to suspend was *nowhere* conferred on the courts, instead being conferred on the secretary. Here, the enabling language conferring the power to disfranchise appears in the Election Code, 25 P.S. § 3552, and specifies that disfranchisement shall be "in addition to any of the penalties herein provided for." Thus, unlike the situation presented in *Kline,* in imposing disfranchisement the court was not "usurp[ing] functions that belong to the legislature." 235 Pa.Super. at 159, 340 A.2d at 562.

Appellant next argues that he was never told that by pleading guilty he risked disfranchisement, so his guilty plea was not knowing and voluntary.[2]

Under most circumstances this argument would call for application of the rule of *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975) and *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), which hold that a challenge to a guilty plea must first be presented to the lower court in a petition for leave to withdraw the plea.[3] Here,

2. Appellant was told, however, that under the Election Code, *supra,* 25 P.S. § 3551, he could be permanently barred from holding any office in the Commonwealth. Tr. at 43–45.

3. *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978), might seem to indicate that a remand for trial is the correct choice. There, the court asked the defendant, "Do you understand what the sentences could be?" and the defendant answered, "Yes." The Court

however, appellant does not want to withdraw his guilty plea; he asks that we simply strike the disfranchisement. He says he "makes no complaint as to the probation, fine, costs, and volunteer service." Brief for Appellant at 14.

When we examine appellant's claim closely, we can only see it as a conventional challenge to the character of his plea. When appellant complains that he did not know of a certain consequence of his plea, the only possible inference is, that if he had known of that consequence, he would not have entered the plea. Indeed, to grant the relief appellant asks—re-enfranchisement—for the reason he asks it, would frustrate the legislature's intent, which was that disfranchisement be mandatory upon conviction: "Any person convicted . . . *shall* . . . be deprived of the right to suffrage . . . ." Election Code, *supra,* 25 P.S. § 3552 (emphasis supplied); *see Moskowitz's Registration Case,* 329 Pa. 183, 189, 196 A. 498, 501 (1938). The only reason, therefore, we might lift that penalty would be that it was unlawfully imposed; but we have just decided it was not. Here, the taint was not the imposition, but in the effect the imposition had on the guilty plea. Under these circumstances, appellant must seek to withdraw that plea below, and we shall remand to give him that opportunity. *Commonwealth v. Marzik,* 255 Pa.Super. 500, 388 A.2d 340 (1978) (SPAETH, J., concurring).[4]

Appellant also argues that the lower court erred because it first imposed what it referred to as the sentence,

held this an inadequate colloquy and remanded for trial. Here, however, the lower court did inform appellant of the range of sentences; it merely failed to inform him of a collateral consequence of a guilty plea. This is not the strong case for automatic withdrawal of a guilty plea represented by Kulp.

4. Appellant also argues that he should not be forced to proceed with a guilty plea withdrawal because he has complied with all of the other parts of the sentence. However, the same could be said by almost any appellant who seeks to challenge his guilty plea at this level without submitting it to the lower court: most of these appellants, would, to some extent, have served out their sentences. Indeed, by following *Lee* and *Roberts, supra,* appellant would have had an earlier decision on his grievance.

and then ordered the cancellation of appellant's registration card without formally "sentencing" him to disfranchisement. In support of this argument appellant cites *Moskowitz's Registration Case, supra.* Therein sentencing a defendant convicted of intentionally interfering with an inspector of registration, the lower court made no mention of voter disqualification (under a section of the Commonwealth's Constitution similar to the section of the Election Code at issue here); three months later, however, the election commission, acting on its own initiative, cancelled the defendant's registration. Reversing, the Supreme Court held that the election commission had exceeded its power:

> The district attorney, or the Registration Commission, should have called the trial court's attention to this error so that the constitutional penalty could have been inflicted. As this was not done, the action of the commission in attempting to impose it was error.

329 Pa. at 189–90, 196 A. at 502.

*Moskowitz's Registration Case* cannot be read, as appellant would read it, to say that the sentencing court must formally characterize the order of disfranchisement as part of the sentence. While the Court did say that the order of disfranchisement must be "include[d] in the sentence," 329 Pa. at 189, 196 A. at 501, its reasoning shows that it did not mean to insist upon a particular formality, but rather that "the badge of disqualification should be written into the record where the fact may be ascertained with certainty," 329 Pa. at 187, 196 A. at 501; that "[n]o one but the trial court can impose the punishment," 329 Pa. at 189, 196 A. at 501; and that "executive or administrative officers cannot supply the defect," 329 Pa. at 189, 196 A. at 502.

Finally, appellant argues that the imposition of disfranchisement was unwarranted because the court had no evidence before it that any of his violations were "wilful" as required by The Election Code, *supra,* 25 P.S. § 3552. However, a guilty plea constitutes an admission of all the facts alleged in the indictment or information. *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A.2d 789 (1965),

*Commonwealth ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A.2d 528 (1964), *Commonwealth ex rel. Gouch v. Myers,* 196 Pa.Super. 285, 175 A.2d 158 (1961). Here, one information alleged that appellant

did unlawfully agree with Stephen Kwatkoski and/or others that they, or one or more of them would conspire to prevent a fair and free primary election, to wit: fraudulently obtain absentee ballots and endeavor to have said ballots counted as valid.

The case is remanded for proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, J., dissents.