399 A.2d 1125

COMMONWEALTH of Pennsylvania

v.

**Samuel W. REGGIE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 23, 1979.

428

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph J. Carmody, Jr., Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appeal is taken from the order of the lower court revoking probation and imposing judgments of sentence. The record before us shows that appellant, 56-years old, married, and unemployed, was found guilty, after non-jury trial on September 30, 1976, of the crimes of corruption of a minor and indecent assault. Respective dispositions, rendered June 15, 1977, were five years' probation and two years' probation, to run consecutively.[1] Also, "the defendant is further ordered to stay off the streets, to stay away from juveniles and young adults, to stay away from hitchhiking and to obey the law." On September 6, 1977, the Commonwealth began proceedings to revoke probation, which matter culminated in

---

1. The record indicates that appellant had fled the jurisdiction for most of the time following conviction and prior to sentencing.

a hearing on September 14, 1977. The Commonwealth's proof consisted of testimony that on June 29, 1977, appellant was arrested for corruption of minors and indecent assault. One of the two alleged victims, a 9-year old girl, testified to appellant's approaching and touching her, while she was playing in a park, in a manner which made her fearful. Violation of probation was found, and sentence was rendered—1½ to 5 years' imprisonment on the corruption of minors conviction, and 2 years' probation following his incarceration *supra* and consecutive to any probation given thereafter on the indecent assault conviction.

■ Argument is raised that the revocation hearing was held not "as speedily as possible" after the alleged violation. *Pa.R.Crim.P.* Rule 1409. The delay here was from June 29 to September 14, 1977. This issue was not presented to the court below for its consideration of reasons, if any, for this delay. Appellant's silence when the time was ripe for fact-finding to support his allegation constitutes waiver of the point.

■ Appellant claims that the condition of probation requiring him to keep away from juveniles and young adults, was unduly restrictive of liberty and in contravention of the standard allowed by the "Sentencing Code", 18 Pa. C.S. § 1354(c)(13). The argument is extrapolated to be that revocation for violation of the condition is an undue restriction of his liberty. The time to be heard in objection to or for clarification of a sentence of probation is when it is rendered, not later in an appeal from its revocation.[2] We find this argument not only untimely but also devoid of merit. The condition of the probation was reasonable and under the circumstances fully warranted.

**2.** The ridiculousness of this argument is seen when one realizes that a mere 14 days elapsed between conviction and arrest for the same offenses involving children of similar age. Of course it was from juveniles of this tender age which the lower court intended appellant to keep a wide berth. While clarification of the condition of probation may have been desirable, if made timely, we do not hesitate to note the practicalities involved.

■ Next appellant assigns error to the lower court's overruling his objection to the allowance of hearsay testimony by the investigating police officer as to the alleged victims' identity of him through viewing mugshots. A probation revocation hearing does not possess all of the evidentiary trappings of a full hearing or trial. *Commonwealth v. Clark,* 225 Pa.Super. 171, 310 A.2d 316 (1973) and *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975). The purpose of the hearing is to inform the court of the probationer's conduct. We find no evidentiary or procedural error.

■ Relying upon the "Sentencing Code", 18 Pa.C.S. § 1371(d), appellant argues that the lower court failed to follow its obligation to "consider the record of the sentencing proceeding" in addition to the evidence of violation of probation. This contention is not supported by our consideration of the revocation proceedings. All matter pertinent to sentencing, including the pre-sentence report, are contained in the court papers at the lower court numbers. It is solely the speculation by appellant that the hearing judge did not consider this record, and such unsupported musings are not grounds for reversal.

■ Lastly, appellant argues that in rendering sentence the lower court did not make findings of fact to support imposition of a sentence of total confinement. "Sentencing Code," 18 Pa.C.S. 1371(c). Findings relative to conviction of another crime, conduct indicative of the likelihood of the commission of another crime, or the vindication of judicial authority are mandated. We agree with appellant that one or more of these are not present. Further on the matter of sentencing, appellant points out that the lower court did not articulate its reasons. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). We agree. We will remand the case to the lower court so that it may address itself to the deficiencies which we find existing relative to the sentencing of appellant following probation revocation.

Sentence vacated and case remanded for resentencing, with direction to proceed with fact finding and articulation of the reasons for the sentence imposed.

CERCONE, President Judge, and SPAETH, J., concur in the result.

HESTER, J. files a dissenting statement.

JACOBS, former President Judge and HOFFMAN, J. did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting statement.

I dissent. I would affirm the judgment of the court below.