663 A.2d 225

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Leonard THIER, t/a Theta Thier Industries, Appellant.**

Superior Court of Pennsylvania.

Argued June 27, 1995.

Filed Aug. 8, 1995.

Scott B. Bennett, Honesdale, for appellant.

Michael P. Lehutsky, Asst. Dist. Atty., Honesdale, for Com., appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence imposed after Appellant entered a plea of guilty to one count of deceptive business practices [1] in relation to the sale of illegal fireworks. On October 7, 1994, Appellant was sentenced to a term of imprisonment of not less than three months nor more than one year and was ordered to pay a fine of $5,000.00. In addition, the sentencing court further ordered Appellant not to engage in his present business, either as an owner, employer or employee, in any capacity. Timely filed post-sentence motions were denied by the trial court and this direct appeal followed. We affirm in part and vacate in part.

On appeal, Appellant presents two issues for our review. First, he argues that the sentencing court erred by prohibiting

---

1. 18 Pa.C.S.A. § 4107. In exchange for his plea, the Commonwealth agreed to *nolle prosse* the remaining charges brought against Appellant. The charges included two counts of causing or risking catastrophe, 18 Pa.C.S.A. § 3302, one count of prohibited offensive weapons, 18 Pa. C.S.A. § 908, one count of sale of fireworks prohibited, 35 P.S. § 1272, and one count of sale for permitted uses, 35 P.S. § 1275. Further, Appellant agreed to a permanent injunction wherein his Wayne County business was closed and he agreed to not operate "any business or facility for the storage, sale, manufacture, distribution or transfer of fireworks or any other dangerous or hazardous materials of any kind" in Wayne County. Stipulation, 8/31/94, at p. 3, ¶ A.

him from engaging in his current business in any capacity for a period of one year. Secondly, Appellant argues that the sentencing court erred in sentencing him in the aggravated range for the crime charged.

We shall address Appellant's claims in the order presented. Appellant first argues that although he is prohibited, pursuant to his plea agreement, from operating his business in Wayne County, the trial court's additional sentence which prohibited him from running his business anywhere for a period of one year was unauthorized. Appellant claims that such sentence is unduly punitive. Appellant points our attention to the Crimes Code which specifies that for a conviction of a misdemeanor of the second degree, a punishment shall not be more than two years, *see* 18 Pa.C.S.A. § 1104(2), nor more than $5,000.00, *see* 18 Pa.C.S.A. § 1101(4). Thus, Appellant avers that since he has already been fined $5,000.00, any further prohibition on the running of his present business is causing an additional punitive sanction. Moreover, he claims that the sale of certain fireworks, such as Class C common fireworks, is legal and that he should not be prohibited from selling them.

In support of his claim, Appellant cites *Commonwealth v. Kline*, 235 Pa.Super. 156, 340 A.2d 562 (1975). In *Kline*, the appellant was convicted of operating a motor vehicle while under the influence of alcohol or drugs in violation of 75 P.S. section 1037. The appellant was fined by the sentencing court and was further ordered by the court to forward his operator's license to the Clerk of Courts. The appellant argued that his sentence was illegal since the sentencing court had no power to order him to surrender his license. In upholding the appellant's claim, this Court reviewed the specified penalty provision of section 1037 and stated that "unless the penalty is specifically provided within the penalty paragraph of the statute in question, the sentencing judge [had] no power to impose it." *Id.* 158, 340 A.2d at 563. This Court reasoned that the Vehicle Code specifically provided that the Secretary of Transportation of the Commonwealth was empowered to

suspend operating licenses and that the sentencing court had "usurp[ed] functions that belong[ed] to the legislature." *Id.*

■ In response to Appellant's claim in the present matter, the Commonwealth urges this Court to find Appellant's claim waived since he failed to include a 2119(f) statement in his brief. Pa.R.A.P. 2119(f), 42 Pa.C.S.A. Because we find that Appellant's first issue attacks the legality of the sentence rather than its discretionary aspects, it is not necessary to raise such an issue in a 2119(f) statement. The first, narrow issue raised is whether it was illegal for the sentencing court to order the prohibition of Appellant's business in addition to Appellant's fine and term of imprisonment.

The Commonwealth argues that Appellant's reliance on *Kline* is misplaced. In *Commonwealth v. Petrillo,* 255 Pa.Super. 225, 386 A.2d 590 (1978), the appellant entered a plea of guilty to several counts charging him with violations of the Election Code. The appellant was sentenced to a period of two years probation and was fined. Further, the trial court ordered that the appellant be disfranchised for four years. The appellant argued that disfranchisement by order of the trial court exceeded the court's powers since such penalty "was not included in the express terms of the penalty language of the statutes on the basis of which the information was drawn." *Id.* 228, 386 A.2d at 592. This Court disagreed and stated:

Appellant apparently would have us read *Kline* literally. We think it clear, however, that the crucial characteristic of *Kline* was, not that the enabling language conferring the power to suspend was not found in a given *paragraph,* but that the power to suspend was *nowhere* conferred on the courts, instead being conferred on the secretary. Here, the enabling language conferring the power to disfranchise appears in the Election Code, 25 P.S. § 3552, and specifies that disfranchisement shall be "in addition to any of the penalties herein provided for." Thus, unlike the situation presented in *Kline,* in imposing disfranchisement the court was not "usurp[ing] functions that belong to the legislature." [*Kline,* 235 Pa.Super. 156, 340 A.2d at 562].

*Id.* (emphasis in original). Given the holding in *Petrillo*, the Commonwealth argues that the sentencing court was free to look to any authority whatsoever to justify a sentence other than that found in the Crimes Code. The Commonwealth avers that specific statutory authority exists to prohibit Appellant from engaging in his fireworks business and that authority can be found in the Unfair Trade Practices and Consumer Protection Law (UTPCPL) section 201–4. Section 201–4, entitled Restraining prohibited acts, provides:

Whenever the Attorney General or a District Attorney has reason to believe that any person is using or is about to use any method, act or practice declared by section 3 of this act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the Commonwealth against such person to restrain by temporary or permanent injunction the use of such method, act or practice.

73 P.S. § 201–4 (footnote omitted). The Commonwealth notes that it was pursuant to this section that the trial court accepted the plea agreement between the parties which stated that "THE DEFENDANT ALSO AGREES TO ENTER A PERMANENT INJUNCTION CLOSING HIS FACILITY AND BARRING OPERATION IN WAYNE COUNTY PURSUANT TO THE PENNSYLVANIA CONSUMER PROTECTION LAW." *See* Guilty Plea Form, at p. 6. Therefore, the Commonwealth contends that the sentencing court, pursuant to section 201–4, had the continuing power to further restrict Appellant's business.

We cannot agree with the Commonwealth's argument. Section 201–4 cannot be read as authorizing a sentencing court to freely impose further sentencing restrictions upon one convicted of a crime. To so hold would pervert the purposes of the sentencing guidelines and allow sentencing courts to have unbridled freedom in imposing sentences. The language of section 201–4 is clearly distinguishable from that relied upon by the sentencing court in *Petrillo* which allowed that court to restrict the appellant's right of suffrage for four years. In *Petrillo*, the Election Code specifically stated that

disfranchisement shall be "in addition to any of the penalties herein provided for." *See* 25 P.S. § 3552. Section 201-4 enables the District Attorney or the Attorney General to bring an action to prevent the use or practice of an unauthorized act, but it does not authorize a sentencing court to *sua sponte* impose a sentence that serves the same purpose. Our careful review of other sections of the UTPCPL likewise does not reveal any relevant section which would permit a court to sentence as the sentencing court did in the present case. Section 201-4.1, entitled Payment of costs and restitution, provides:

> Whenever any court issues a permanent injunction to restrain and prevent any violations of this act as authorized in [section 201-4] above, the court may in its discretion direct that the defendant or defendants restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any violation of this act, under terms and conditions to be established by the court.

73 P.S. § 201-4.1. The additional sentence imposed in the present matter does not meet the goal proposed in this section. Prohibiting Appellant from running his present business anywhere for one year in no way restores any interest to a person harmed by Appellant's actions. Moreover, "[t]he purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices and the statute is the principal means for doing so in the Commonwealth." *Pirozzi v. Penske Olds–Cadillac–GMC, Inc.*, 413 Pa.Super. 308, 313, 605 A.2d 373, 375 (1992), *alloc. den.*, 532 Pa. 665, 616 A.2d 985. In upholding the stated purpose, "the Legislature granted to the Attorney General the power to bring an action in the name of the Commonwealth for injunctive relief to protect the individual citizens who are the prey of unscrupulous persons." *Commonwealth by Packel v. Ziomek*, 145 Pa.Commw. 675, 680, 352 A.2d 235, 238 (1976). Given the purpose of the UTPCPL, it is clear that the District Attorney

or the Attorney General is the agent who must act on behalf of the citizens, not a sentencing court. For these reasons, we reject the Commonwealth's claim.

■ In reviewing a sentence as imposed by the sentencing court, we recognize that the court is vested with great, but not unfettered, discretion in sentencing a defendant. *Commonwealth v. Wood,* 432 Pa.Super. 183, 206–07, 637 A.2d 1335, 1347 (1994). Moreover, "[a] court may not impose a sentence that exceeds the maximum penalty prescribed by statute." *Id.* at 1348. The sentencing guidelines specifically provide for six sentencing alternatives. They include probation, a determination of guilt without further penalty, partial confinement, total confinement, fine, restitution or intermediate punishment. *See* 42 Pa.C.S.A. § 9721(a)(1)–(6). Without any statutory justification for the challenged portion of the sentence imposed by the court in the present case, we find that the trial court exceeded its powers in prohibiting Appellant from engaging in his present business anywhere for a period of one year.

■ The trial court reasoned that it had the authority to prohibit Appellant from running his business pursuant to 42 Pa.C.S.A. section 9754(c)(13). This section provides that as a condition to an order of probation, the court may require the defendant "[t]o satisfy any other conditions *reasonably related to the rehabilitation of the defendant* and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13) (emphasis added). This section, however, was improperly relied upon. This section applies only when the trial court wishes to impose a condition on a sentence of probation. No probationary sentence was imposed in the present case, and therefore, section 9754(c)(13) cannot be used to justify the sentencing court's additional sentence.

Because we can find no authority for the sentencing court's imposition of the additional sentence, we are constrained to

86

vacate that portion of Appellant's sentence.[2]

▮ Appellant next argues that the trial court abused its discretion in sentencing him in the aggravated range. Since this contention involves the discretionary aspects of sentencing, the requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), are called into play. Appellant, however, has failed to include a 2119(f) statement in his brief and the Commonwealth, aware of this omission, has objected. Therefore, we are precluded from addressing the merits of Appellant's claim. *Commonwealth v. Shartle*, 438 Pa.Super. 403, 404–06, 652 A.2d 874, 875 (1995).

Judgment of sentence affirmed in part and vacated in part. Petition for permission to appeal denied. Jurisdiction relinquished.

---

2. Obviously, Appellant must still refrain from the operation of his present business in Wayne County since he had agreed to that term at the time he entered his plea.