690 A.2d 1220

**COMMONWEALTH of Pennsylvania,**

**v.**

**Gifford R. CAPPELLINI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1996.

Filed March 10, 1997.

500

502

Albert J. Flora, Jr., Wilkes–Barre, for appellant.

Mary L. Porto, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, President Judge, and CAVANAUGH and TAMILIA, JJ.

CAVANAUGH, Judge:

This is an appeal from the judgment of sentence imposed upon the appellant, Gifford R. Cappellini, a Luzerne County attorney, after the revocation of his probation without verdict, 35 P.S. § 780–117, and subsequent adjudication of his previously proffered guilty plea of soliciting a controlled substance and attempting to possess a controlled substance. Cappellini was sentenced to forty-five days to one year in jail, with the possibility of immediate work release. Specific conditions of any future parole included electronic monitoring, drug counselling and random drug testing. Additionally, appellant was prohibited from communication or contact with individuals involved in drugs, whether personal or business related. We affirm.

The factual background leading to appellant's probation without verdict is as follows: In March of 1995, Officer Joseph Coffey of the Wilkes–Barre Drug Task Force received information from a confidential informant that Cappellini, who was the informant's attorney, had given him $100 to purchase one gram of cocaine. The informant reported that he had purchased the cocaine and delivered it to Cappellini at his law office on March 8, 1995. After waiving the attorney-client privilege, the informant agreed to wear a recording device in his next meeting with Cappellini. During a recorded conversation on March 14, 1995, the informant, Cappellini and an unidentified person discussed obtaining a large quantity of cocaine to sell, and investing the money received from said sale.

On March 16, 1995, during a second recorded conversation at Cappellini's law office, Cappellini asked the informant to get

him an "eight-ball" (1/8 ounce) of cocaine, and gave him $200 in cash to purchase same. Under the direction of the Drug Task Force, the informant purchased the cocaine and turned it over to police, who replaced it with a non-controlled substance resembling cocaine.

The informant then called Cappellini and, in a recorded conversation, made arrangements to complete the transaction. Equipped with a recording device, the informant met with Cappellini and delivered the non-controlled substance, saying that it was 1/8 ounce of cocaine. The transaction was observed by surveillance officers, who arrested Cappellini and recovered the substance.

Based on this evidence, appellant was charged with solicitation of a controlled substance and attempt to possess a controlled substance. On September 11, 1995, he pled guilty to those charges at a hearing before The Honorable Michael T. Conahan of the Luzerne County Court of Common Pleas.[1] Appellant then was given one year's probation without verdict under § 17 of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 et seq. As conditions of probation, Judge Conahan ordered appellant to refrain from using drugs or alcohol, continue "all counseling that is currently in place," submit to random drug testing, and avoid associating with other drug offenders. Because some of appellant's clients were drug offenders, the court relaxed the last condition, telling appellant that he could continue to associate with such persons for "work-related" purposes, but that he had to provide a list of their names to his probation officer.[2]

The factual background leading to the subsequent revocation of probation without verdict is as follows: On November 22, 1995, forty-one days after sentencing, appellant stopped reporting to the drug care facility assigned for treatment and

1. The above facts are set forth on the Commonwealth's Affidavit of Probable Cause. At the conclusion of the hearing on September 11, 1995, the Commonwealth requested, without objection, that the affidavit, although not read to the court, be attached to the plea as the facts of the case.

2. The conditions of probation without verdict are at the discretion of the sentencing court. 35 P.S. § 780–117.

refused to submit to drug testing. Appellant also failed to provide a list of his clients who were drug offenders to his probation officer, Eugene E. Duffy, Jr.

On February 7, 1996, Duffy called appellant and personally asked that he report to the probation department. Appellant neither reported nor notified Duffy that he was not coming. The following day, Duffy was informed that appellant had been hospitalized. Upon inquiry, it was discovered that appellant had checked himself into a hospital at 8:00 p.m. on February 7th, complaining of a headache and high blood-pressure and had been released later that night.

The following day, Duffy and a colleague went to appellant's house for the purpose of conducting a drug test. The probation officers obtained a urine sample and tested it in appellant's presence. When the test revealed the presence of both cocaine and heroin, appellant expressed doubt in its accuracy. After being informed that the urine sample would be sent to an independent laboratory for additional testing, appellant admitted that he had continued to use cocaine. Later, additional tests confirmed the presence of both cocaine and opiates in appellant's urine.

A violation of probation hearing was held, again before Judge Conahan, on March 4, 1996. The Commonwealth presented five witnesses, who testified to the above facts. Cappellini presented testimony in contradiction to these facts from both himself and from five other witnesses in an attempt to establish that he was drug-free.

■ After hearing all of the testimony presented, the trial court determined that the Commonwealth's testimony was more credible than Cappellini's and chose to credit their version of events. The credibility of witnesses and the weight to be accorded the evidence are matters solely within the province of the factfinder. As the factfinder, the trial court was free to believe all, some, or none of the evidence presented. *Commonwealth v. McDermott,* 377 Pa.Super. 623, 644, 547 A.2d 1236, 1246 (1988) (citing *Commonwealth v. Smith,* 490 Pa. 329, 334, 416 A.2d 494, 496 (1980)).

The court then revoked appellant's probation and entered judgments of guilt on his previously proffered guilty plea to soliciting a controlled substance and attempting to possess a controlled substance. After hearing testimony and argument on sentencing recommendations, the Court determined that the sentencing guidelines did not apply and imposed the following sentence from which appellant now appeals:

Defendant is sentenced to a 45 day minimum to 1 year maximum. He may apply to this Court for immediate work release.

As part of any parole application, it will be electronic monitoring, and his parole will be transferred to the state.

The defendant will be further tested on a weekly and random basis. He will submit to blood, urine or any other tests, and those test results will be reported immediately.

Further, the Defendant will have no communication or contact with any individuals involved in drugs, whether personal or business related. There will be no use of any drugs or alcohol unless prescribed by a doctor.

Appellant raises the following issues on appeal:

1. Whether the sentence imposed is illegal because of the Trial Court's refusal to apply the Sentencing Guidelines?

2. Whether the sentence imposed is illegal because of the Trial Court's refusal to apply the provisions of 42 Pa.C.S.A. 9771?

3. Whether the restrictions imposed upon appellant's practice of law constitute an illegal sentence?

4. Whether the revocation of probation without verdict and immediate entry of a judgment of guilty deprived the appellant of procedural due process of law?

5. Whether the Trial Court abused its discretion by failing to state of record any reasons for the sentence imposed?

6. Whether the Trial Court abused its discretion by failing to state of record any reasons for not continuing the appellant on probation without verdict?

We have carefully reviewed these issues and find no merit in any of them.

■ Appellant's first issue is whether the sentence imposed is illegal because of the trial court's refusal to apply the sentencing guidelines. We find that it is not.

Section 303.1 of the Sentencing Code, by its plain terms, provides: "The sentencing guidelines do not apply to sentences imposed as a result of *probation or parole revocations*, accelerated rehabilitative disposition, disposition in lieu of trial, direct or indirect contempt of court, nor violations of protection from abuse orders." 204 Pa.Code § 303.1(b) (emphasis added). This plain and unambiguous language defeats appellant's claim.

■ Appellant contends that revocation of probation without verdict cases are subject to a different set of sentencing rules than other probation cases. Appellant cites to no authority in support of this contention and we know of none. However, such an argument violates the basic rule of statutory construction that words are to be given their "plain and ordinary meaning." *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961 (1994) (en banc), *appeal denied,* 541 Pa. 632, 663 A.2d 685 (1995); *Commonwealth v. Neckerauer,* 421 Pa.Super. 255, 617 A.2d 1281 (1992).

Further, review of the section of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 *et seq.*, addressing probation without verdict fails to support an interpretation that these cases are subject to anything other than the same sentencing rules as any other violation of probation case: "Upon violation of a term or condition of probation, the court may enter a judgment and *proceed as in any criminal case,* or may continue the probation without verdict." 35 P.S. § 780–117(2)(emphasis added).

Finally, this Court has previously stated:

while probation without verdict represents a disposition short of sentence, in actuality it has the same finality as a sentence in that it disposes of a criminal case, subject to the

condition that the defendant abide by the terms of the probation. *It is more akin to probation,* which is a sentence, rather than a guilty plea where sentence has not been imposed.

*Commonwealth v. Mobley,* 399 Pa.Super. 108, 114, 581 A.2d 949, 951 (1990) (emphasis added).

 Therefore, in the absence of any authority to the contrary, we find that the general rules applying to sentencing following revocation of probation also apply to sentencing following revocation of probation without verdict. Thus, the trial court properly determined that the sentencing guidelines do not apply under the circumstances of this case.

 Appellant's next contention is that, assuming the trial court was proper in not applying the sentencing guidelines, the trial court failed to properly apply the sentencing procedures for modification or revocation of an order of probation as provided for under 42 Pa.C.S.A. § 9771. We find this argument to be equally without merit.

As the trial court correctly noted, the offenses of which appellant was charged are ungraded misdemeanors which carry with them a sentence of "imprisonment not exceeding one year or ... a fine not exceeding five thousand dollars ($5,000), or both." 35 P.S. § 780–113(16), (b).

The instant sentence was imposed after the trial court stated on the record that it had heard and reviewed the testimony, considered the rules that are applied as to the evidence, the weight it must give to the evidence, and after it made the following specific findings of fact:

That Mr. Cappellini refused drug testing at Clear Brook; number two, he failed to petition this Court for modification to have himself attend another treatment facility; number three, the Court finds he admitted to Mr. Duffy and Mr. Heffron as to his use of cocaine; next, the Court finds that the tests that were conducted by adult probation and parole to be reliable and conclusive as to cocaine and heroin.

Under 42 Pa.C.S.A. 9771(c), once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

1. the defendant has been convicted of another crime; or

2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3. such a sentence is essential to vindicate the authority of this court.

Despite appellant's argument to the contrary, we find the record to be replete with support for the finding that the sentence imposed was proper. Appellant's continued drug use, combined with his resistance to treatment and supervision, is enough to make a determination that, unless incarcerated, appellant would in all likelihood commit another crime. *See* 42 Pa.C.S.A. § 9771(b)-(c);[3] *see also Commonwealth v. Aldinger,* 292 Pa.Super. 149, 436 A.2d 1196 (1981) (although trial court did not state on record that it had made a finding pursuant to § 9771(c)(2), total confinement was found to be proper where the trial court expressly found and the record reflected that appellant violated probation by using drugs; court not required to parrot the criteria of the Sentencing Code).

Additionally, we find ample support that the trial court determined that such a sentence was essential to vindicate its authority. The trial court's finding of facts, in view of appellant's testimony at the hearing that he was drug-free, necessarily means that the trial court perceived a lack of candor to the court.

■■ Furthermore, a challenge to the legality of a sentence "is essentially a claim that the trial court did not have

---

3. It is likely appellant did in fact commit another crime during his probation as the trial court found that he admitted using cocaine during probation and he tested positive for cocaine and heroin during probation. Possession of cocaine and heroin, controlled substances, are misdemeanors. 35 P.S. § 104(2)(i)(4) (cocaine a controlled substance); § 104(1)(ii)(10) (heroin a controlled substance); §§ 780–113(a)(16),(b) (possession of controlled substances a misdemeanor).

jurisdiction to impose the sentence that it handed down.... A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes." *Commonwealth v. Catanch,* 398 Pa.Super. 466, 470–71, 581 A.2d 226, 228 (1990) (citations omitted). The sentence imposed in the instant matter, 45 days to one year's confinement with the possibility of immediate work release, is well within the range of punishment authorized by law. 35 P.S. § 780–113(b). Therefore, it is clear that the sentence imposed is not illegal.

■ Appellant's next contention is that by directing him to have no contact or communication with anyone involved in drugs, personal or business, the trial court illegally regulated his practice of law.

While appellant attempts to characterize this restriction as a condition of his brief sentence of total confinement, it is obvious that the trial court imposed the restriction in anticipation of his parole and/or work release. It is well established that a sentencing court can, as a condition of parole, require a defendant to "satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13). Similarly, the trial court, as a condition of defendant's work release, can properly require defendant to "refrain from ... consorting with disreputable persons," or "do other things reasonably related to rehabilitation." 42 Pa.C.S.A. § 9763(b)(8); (15).

The condition to refrain from contact or communication with drug offenders is fully warranted by the facts in this case. Indeed, it was appellant's contact with a drug involved client that originally led to his conviction. Therefore, there is no doubt that this condition was intended to facilitate defendant's rehabilitation and thus was proper. *See Commonwealth v. Homoki,* 423 Pa.Super. 320, 621 A.2d 136 (1993) (where appellant had history of drug abuse, court did not abuse its discretion in prohibiting him from taking additional medication for preexisting condition); *Commonwealth v. McBride,* 289

Pa.Super. 396, 433 A.2d 509 (1981) (where appellant was convicted of corrupting morals of a minor, court properly prohibited him from having contact with minors); *accord Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979).

Appellant argues that *Commonwealth v. Thier*, 444 Pa.Super. 78, 663 A.2d 225 (1995) is controlling. We find that such reliance is misplaced. In *Thier*, after sentencing the appellant to one year in prison, the trial court also ordered him not to engage in his present business anywhere for a period of one year. The facts of this case differ significantly in two ways from those in *Thier*. The first difference is that the trial court in the instant matter did not order appellant not to engage in the practice of law; it merely prohibited the defendant from associating with drug offenders. The second is that, unlike the circumstances in *Thier*, where the court lacked authority to close down the appellant's business, the trial court here unquestionably had the authority to restrict appellant, Cappellini's, contact with drug offenders as a condition of his parole and/or work release. Moreover, the court specifically recognized that reasonable conditions may be applied to work release or probation. 42 Pa.C.S.A. 9754(c)(13).

Appellant also raises the issue of whether the revocation of probation without verdict and immediate entry of a judgment of guilty deprived appellant of procedural due process of law. Appellant's argument is that he was entitled to two separate hearings before the court could revoke his probation without verdict—one to determine whether he violated probation and the other to determine whether his probation should be revoked. Appellant cites to no authority in support of this contention and we know of none that exists.[4]

4. We do note that a defendant is generally entitled to two separate hearings prior to revoking probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The purpose of the first (*Gagnon I*) hearing is to "ensure against detention on allegations of violation that have no foundation of probable cause." *Commonwealth v. Perry*, 254 Pa.Super. 48, 52, 385 A.2d 518, 520 (1978). The purpose of the second (*Gagnon II*) hearing is to determine whether facts exist to justify revocation of parole or probation. *Id*. From the face of the

The subject hearing was held in response to the Commonwealth's "Petition for Revocation of Probation Without Verdict." In that petition, the Commonwealth specifically sets forth that it is requesting that the court "revoke the defendant's probation without verdict and enter judgment of sentence." This petition clearly supplies any due process right to notice that the appellant might have incident to the revocation of probation without verdict. No restriction was placed on appellant's ability to dispute whether he was in violation of probation, or, if he was, whether revocation and the entry of judgment was proper. Appellant presented five witnesses in addition to his own testimony in an attempt to convince the court not to revoke his probation. Before revoking probation and entering judgment, the trial judge asked appellant whether he had "anything further," which was answered in the negative.

After adjudication of guilt, the court then proceeded to sentencing, during which appellant presented additional evidence in an attempt to convince the court not to impose a sentence of incarceration. Appellant was again given an opportunity to address the court, which appellant declined on the advice of counsel. Thus, we find that the trial court afforded appellant ample opportunity to be heard both before the court revoked probation and again before sentencing.

Appellant's final two arguments address whether the trial court abused its discretion by imposing a sentence of total incarceration of 45 days to one year instead of allowing him to continue on probation without verdict. He therefore urges us to vacate the judgment of sentence and remand the matter for resentencing. These challenges are to the discretionary aspects of appellant's sentence. Thus, he may not appeal of right, but must petition for allowance of his appeal, and we must determine whether appellant has raised a sub-

record before us, Cappellini was at no time detained, and therefore, only a *Gagnon II* hearing was held. However, appellant's argument is not that the trial court failed to hold the required *Gagnon I* and *Gagnon II* hearings, but that the *Gagnon II* hearing itself should be divided into two separate hearings.

stantial question that the sentence imposed upon him was not appropriate under the Sentencing Code as a whole. 42 Pa. C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987).

> Although the existence of a substantial question must be determined on a case by case basis, the Superior Court will generally review the discretionary aspects of sentencing where a colorable argument is made that the actions of the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Groft,* 424 Pa.Super. 510, 520, 623 A.2d 341, 347 (1993).

Here, in his concise statement under Pa.R.A.P. 2119(f), appellant asserted that the trial court abused its discretion by failing to state of record any reason for the sentence imposed and by failing to state of record any reason for not continuing appellant on probation without verdict. Because we deem these issues to constitute a substantial challenge to the appropriateness of the sentence imposed, we will allow this appeal by appellant.

"When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Viera,* 442 Pa.Super. 348, 360, 659 A.2d 1024, 1030 (1995) (citation omitted). An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion: "In order to constitute an abuse of discretion a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion." *Commonwealth v. Pickering,* 368 Pa.Super. 100, 107, 533 A.2d 735, 738 (1987) (citations omitted). Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988).

 We first address the issue of whether the trial court abused its discretion by imposing the sentence without stating of record its reason for doing so. Although a court is required to explain its reasons for imposing sentence, it "need not specifically cite or include the language of the sentencing code, it must only demonstrate that the court has considered the factors specified in the code." *Commonwealth v. Baker*, 352 Pa.Super. 260, 264, 507 A.2d 872, 874 (1986) (citation omitted).

 In this case, the court was clearly aware of, and considered the necessary factors before fashioning a sentence. There were over 200 pages of testimony and argument just prior to the imposition of the sentence. Additionally, Judge Conahan specifically stated in appellant's presence that he had considered the rules of evidence and the weight to be applied to the evidence as well as other alternatives to total confinement. We find the sentence given to be fully supported by the volume of information which the court had heard and considered; i.e., this was defendant's first conviction; he was drug dependent; he was an attorney; he had medical problems; he had dropped out of a drug treatment program, but continued to attend Alcoholics Anonymous meetings; he used drugs during his probation; and he lied about the use of drugs during probation to his probation officer. *See Commonwealth v. Lewis*, 407 Pa.Super. 186, 595 A.2d 593 (1991) (where sentencing court was aware that the defendant was a high school graduate who lived at home, had a job, and had a prior record, the court was presumed to have considered these factors in sentencing and, therefore, rendered a proper sentence even though the court did not have a presentence report and even though it did not elaborate on the weight it gave to specific factors), *reversed on other grounds*, 535 Pa. 501, 636 A.2d 619 (1994); *Commonwealth v. Kane*, 315 Pa.Super. 212, 461 A.2d 1246 (1983) (record demonstrated sentencing court's proper consideration of relevant factors in sentencing where court stated "[t]he problem ... that I have ... is the technical violations. The lack of cooperation, disappearance and all that sort of thing").

Finally, we address whether the trial court abused its discretion by failing to state of record any reason for not continuing the defendant on probation without verdict. He states that he "was never afforded an opportunity to present evidence," that the court made no "findings of fact," and that no "reasons appear of record justifying revocation." Appellant fails to cite to any authority requiring the trial court to state its reasons for revoking probation without verdict and we know of none to exist. However, even if such a requirement did exist, the record does not support appellant's argument. As previously discussed, appellant was afforded an opportunity to present evidence. Additionally, after hearing the testimony, the trial court made specific findings of fact. Furthermore, the findings of fact which the court made fully support the revocation of probation without verdict.

The judgment of sentence is affirmed.