J-S22045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE D. MORALES | : | |
| | : | |
| Appellant | : | No. 3648 EDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  MC-51-CR-0034000-2013

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED SEPTEMBER 11, 2018**

Appellant, José D. Morales, appeals from the judgment of sentence imposed pursuant to his guilty plea to driving under the influence of a controlled substance (metabolite) and endangering the welfare of children. On appeal, Appellant challenges the legality of his sentence.  We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See** Trial Court Opinion, 9/01/17, at 1-2).  We note for the convenience of the reader that after his guilty plea, Appellant was twice convicted for selling drugs while on probation in the instant case.

Appellant first challenged his sentence on violation of probation as excessive.    After the sentencing court rejected his claim and denied

_____
*   Retired Senior Judge assigned to the Superior Court.

reconsideration, Appellant filed a notice of appeal, now claiming that his sentence was illegal. (**See** Appellant's Brief, at 3).

After a thorough review of the record, the briefs of the parties, the applicable law and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issue Appellant has raised on appeal. The trial court properly disposes of the question presented. (**See** Trial Ct. Op., at unnumbered pages 5-6) (concluding that Appellant was properly sentenced to the same amount of time that was originally available for sentencing; Appellant failed to meet his burden of establishing that he received an illegal sentence). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/18

Circulated 08/13/2018 11:23 AM

FILED

SEP 0 1 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :  MC-51-CR-0034000- 2013
 :
 :
 :
 :
 :
v. :
 :
 :  **SUPERIOR COURT**
JOSE MORALES :  **NO. 3648 EDA 2016**

MC-51-CR-0034000-2013 Comm v Morales Jose D
Opinion



7996610941

**August 25, 2017**

## OPINION

### I. FACTS AND PROCEDURAL HISTORY

On August 31, 2013, The Defendant, Jose Morales ("Morales"), was stopped at a sobriety

checkpoint. At the time of that stop, Morales was under the influence of marijuana and incapable

of safe driving. Two children, ages three and fifteen, were in the car Morales was operating.

Morales was arrested and charged with DUI: Controlled Substance Metabolite ("DUI") and

Endangering the Welfare of Children ("EWOC").

On July 17, 2015, Morales plead guilty to both DUI and EWOC. Pursuant to a negotiated

plea agreement Morales was sentenced that same day to ninety (90) to one hundred and eighty

(180) days of incarceration with parole after ninety (90) days to a dual diagnosis rehabilitation

facility, to be followed by two years of probation. Morales was also ordered to complete one hundred (100) hours of community service.

Morales did not do well on parole/probation. In fact, Morales was arrested on September 23, 2015, and charged with Possession with Intent to Deliver a Controlled Substance ("PWID"). On December 8, 2015, Morales pled guilty to that charge and was sentenced to one (1) to two (2) years of incarceration to be followed by three (3) years of probation. (*see* CP- 51-CR-0010910-2015). Following this new conviction, this court held a first violation of probation hearing on December 15, 2015. Morales was found to be in direct violation of his probation and was given a new sentence of eleven and a half (11.5) to twenty three months (23) months of incarceration, to be followed by three years of probation.

Incredibly, on March 2, 2016, Morales was arrested yet again and charged with PWID and Conspiracy. On June 22, 2016, Morales pled guilty to both the PWID and Conspiracy charges and received a one (1) to two (2) year sentence to be followed by three (3) years of probation. (*see* CP-51-CR-0003684-2016). As a result of this second conviction for selling drugs while on probation on the instant case, a second violation of probation hearing was held on September 13, 2016. At that hearing, this court sentenced Morales to two (2) to four (4) years of incarceration to be followed by one year of probation. On September 22, 2016, Morales filed a motion to reconsider his sentence. That reconsideration motion was denied on October 11, 2016. Morales then filed the instant appeal challenging the "discretionary aspects" of his sentence claiming that his sentence was "excessive." That claim has no merit.

## II.    ISSUE ON APPEAL

The sentence of incarceration for a term of 2 to 4 years, to be followed by one year of probation, was manifestly excessive and unreasonable under the circumstances, as well as failing to comply with 42 Pa.C.S. §9771(c).

## III.    DISCUSSION

The scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation. Commonwealth v. Infante, 585 Pa. 408, 419, 888 A.2d 783, 790 (2005).

In this Commonwealth, the trial court's authority to impose a term of probation has been set forth in the following manner: Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence of imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed. 61 P.S. § 331.25.

Pennsylvania Rule of Criminal Procedure Rule 1409 provides: Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a

condition of probation or parole . . . . *See* <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 93 S.Ct. 1756, 36

L.Ed.2d 656 (1973); <u>Morrissey v. Brewer</u>, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);

<u>Commonwealth ex rel. Rambeau v. Rundle</u>, 455 Pa. 8, 314 A.2d 842 (1973); <u>Commonwealth v.</u>

<u>Davis</u>, 234 Pa. Super. 31, 336 A.2d 616 (1975).

When imposing a sentence of total confinement after a probation revocation, the sentencing

court is to consider the factors set forth in 42 Pa.C.S. § 9771.[1] <u>Commonwealth v. Ferguson</u>, 2006

PA Super 18, 893 A.2d 735, 737 (Pa. Super. 2006). Under 42 Pa.C.S. § 9771(c), a court may

sentence a defendant to total confinement subsequent to revocation of probation if any of the

following conditions exist: (1) the defendant has been convicted of another crime; or (2) the

conduct of the defendant indicates that it is likely that he will commit another crime if he is not

imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. *See also*

<u>Commonwealth v. Coolbaugh</u>, 2001 PA Super 77, 770 A.2d 788 (Pa. Super. 2001).

.   The appellate courts have repeatedly acknowledged the very broad standard that

---

[1]   § 9771 Modification or revocation of order of probation

   (a) General rule -- The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed

   (b) Revocation -- The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.* [emphasis added.]

   (c) Limitation on sentence of total confinement – The court shall not impose a sentence of total confinement upon revocation unless it finds that.

      (1) the defendant has been convicted of another crime, or

      (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

      (3) such a sentence is essential to vindicate the authority of the court.

   *       *       *       *

1974, Dec. 30, P.L. 1052, No 345, § 1, effective in 90 days  Renumbered from 18 Pa C S.A. §1371 by 1980, Oct. 5, P L. 693, No 142, § 401(a), effective in 60 days  42 Pa C.S A. § 9771. *See also* Pa.R.Crim.P  1409

sentencing courts must use in determining whether probation has been violated: "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct " Commonwealth v. Infante, 585 Pa. 408, 421, 888 A.2d 783, 791 (2005); Commonwealth v. Burrell, 497 Pa. 367, 441 A.2d 744 (1982) *citing* Kates, *supra*; Commonwealth v. Brown, 503 Pa. 514, 469 A.2d 1371, 1376 (1983). The Commonwealth need only make this showing by a preponderance of the evidence. Commonwealth v. A.R. 2010 PA Super 4, 990 A.2d 1 (Pa. Super. 2010). In light of both the testimony and that of the multiple arrests and probation violations of the Defendant, the evidence was sufficient to support the revocation sentence imposed by the court. *See* Young v. Com. Bd of Probation and Parole, 487 Pa. 428, 437, 409 A.2d 843, 848 (1979) (holding that the Board properly denied a parolee credit on his sentence for time spent on parole where his "street time" was marked with delinquency and failure to comply with conditions of parole).

Finally, under Pennsylvania law, a challenge to the validity of a sentence is a challenge to its legality. Commonwealth v. Isabell, 467 A.2d 1287 (Pa. 1983); Commonwealth v. Quinlan, 639 A.2d 1235 (Pa. Super. 1994), *appeal granted*, 659 A.2d 986 (Pa. 1995), *appeal dismissed as improvidently granted*, 675 A.2d 711 (Pa. 1996). If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated. Commonwealth v. Thier, 663 A.2d 225, 229 (Pa. Super. 1995), *appeal denied*, 670 A.2d 643 (Pa. 1996). If no statutory authorization exists for a particular sentence, then that sentence is illegal and subject to correction. Thier, *supra*. An illegal sentence must be vacated. Commonwealth v. Kratzer, 660 A.2d 102, 104 (Pa. Super. 1995), *appeal denied*, 670 A.2d 643 (Pa. 1996) *citing* Commonwealth v. Lee, 638 A.2d 1006 (Pa. Super. 1994).

For the crime of EWOC, which carries an offense gravity score of three (3), the maximum penalty under the statute is two and a half (2.5) to five (5) years. The crime of DUI carries an offense gravity score of one (1) and a maximum penalty of one (1) year of incarceration. Here, Morales was sentenced well under the maximum sentence allowed under the law. Because this court found him to be in direct violation of his probation for the second time, the court was permitted to sentence him to the same amount of time originally available to the court. The Defendant has not borne his burden of establishing that he received an illegal sentence, since he has made no demonstration that this court actually abused its discretion in sentencing him.

In the instant case, the record reveals that the Defendant was convicted of PWID, a serious felony offense, on two separate occasions while on probation. As seen above, under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. *See also* Commonwealth v. Coolbaugh, 2001 PA Super 77, 770 A.2d 788 (Pa. Super. 2001). Here, clearly the all three of the requisite conditions exist. Morales committed two separate felony offenses while on probation on the instant case. This conduct clearly indicates that Morales will commit another crime if he is not imprisoned. The sentence Morales received is essential to vindicate the authority of this court.

## IV. CONCLUSION

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of Defendant's request for

relief in this case. For the reasons set forth above, Defendant's judgment of sentence should be affirmed.

BY THE COURT:

James M. Lynn, J.