J-S34012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTY M. KARVAN | |
| Appellant | No. 2028 MDA 2014 |

Appeal from the Judgment of Sentence October 22, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001270-2006

BEFORE: BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                                 **FILED JULY 15, 2015**

Christy M. Karvan appeals from the October 22, 2014 judgment of sentence of three to six years imprisonment imposed by the trial court following a probation violation. We affirm.

Appellant was charged at two criminal docket numbers with one count each of criminal trespass and burglary, six counts each of forgery and access device fraud, and two counts each of receiving stolen property and theft by unlawful taking. The charges stemmed from a burglary of an apartment owned by David Schwartz on or about March 9, 2006, and the theft and unauthorized use of a credit card obtained therein. Mr. Schwartz was in the hospital. His neighbor heard someone inside the apartment and used a key to enter. He found Appellant and her boyfriend inside. Appellant told him

that she was cleaning the apartment, and the neighbor accepted that explanation for her presence since he recognized her as a regular visitor.

Over one month later, the police contacted Appellant and asked her to come to police headquarters regarding a suspected burglary. After being apprised of her **Miranda** rights and declining counsel, Appellant admitted in a signed statement that she entered Mr. Schwartz's apartment while he was in the hospital, broke into a secured closet, and stole a credit card that she used to make purchases, some of which she traded to purchase heroin.

On February 26, 2007, Appellant pled guilty to one count each of forgery and retail theft and the Commonwealth *nolle prossed* the remaining charges. On April 23, 2007, following a pre-sentence investigation ("PSI"), the Honorable Michael J. Barasse imposed a sentence of two to twelve months incarceration for retail theft and nine months to twenty-four months on the forgery charge, plus two years of special probation and restitution. Appellant filed a motion for reconsideration, which the court denied.

Thereafter, Appellant repeatedly violated both her parole and probation and Judge Barasse presided over Appellant's numerous probation and parole violations, **Gagnon II** hearings, and re-sentencings. The court recounted its interactions with Appellant over a nine-year period, and we summarize them herein. Trial Court Opinion, 5/26/15, at 4-14.

Appellant was first released on parole on May 14, 2008, and the court was notified that she violated her parole by using un-prescribed suboxne.

She was sent for in-patient treatment, which she successfully completed, and released on March 11, 2009. On April 27, 2009, Appellant was a passenger in a vehicle stopped by Scranton police. Upon questioning, she admitted to ingesting percocets and suboxne, which triggered a technical violation of her parole. The court sent her for a mental health evaluation, and upon receiving the results, sentenced her after a *Gagnon II* hearing on the forgery charge to forty-eight months intermediate punishment with the first three months to be served on home confinement.

Appellant tested positive for opiates on January 21, 2010, and lied about attending treatment meetings. The court signed an order placing her in Lackawanna County prison, but ordered her release on February 9, 2010, and placement in the county drug treatment program. Less than two weeks later, Appellant tested positive for un-prescribed suboxne, and the court ordered her to be held in the county jail. On February 18, 2010, the court entered an order placing Appellant into the county's work release program, but she was rejected due to a prison misconduct. The court tried a second time to afford her work release and ordered Appellant to participate in the county's treatment program and outpatient services. On May 28, 2010, the court ordered her discharged from work release and required Appellant to participate in the treatment program and attend outpatient drug and alcohol treatment while residing at Sober House. Within weeks, Appellant again relapsed, tested positive for unprescribed suboxyne, and was placed in the

Lackawanna County jail on July 8, 2010. A *Gagnon I* was filed, and a *Gagnon II* hearing was scheduled but postponed for ninety days to provide Appellant an opportunity to enroll at the Lackawanna Treatment Court Program. On November 10, 2010, she was released to Harbor House in Scranton.

Following yet another positive drug test, Appellant was remanded to the Lackawanna County Prison on November 23, 2010. A *Gagnon II* hearing was held and Appellant was sentenced to a new four-year intermediate punishment sentence with the first ninety days to be served on home confinement. She was subsequently transferred to work release and ultimately released to begin again with the Lackawanna County Treatment Court Program.

On October 20, 2011, Appellant again tested positive for drugs, was placed in the county prison, and released on November 19, 2011. Less than three weeks later, she failed to appear and was sanctioned pursuant to the rules of the Treatment Court by being imprisoned for the weekend. She subsequently twice violated the rules and served a weekend in jail each time. After a brief period of compliance, Appellant relapsed and served two weeks in the county prison. The pattern repeated itself in late 2012, and again in 2013. The probation office filed a *Gagnon I*, and a hearing was held on June 26, 2013, at which Appellant stipulated to her violation. After the matter was continued to allow Appellant to seek treatment, she was

released from prison and furloughed to Pyramid Healthcare. Despite successful completion of that program, she missed a mandatory appointment at Drug and Alcohol services, and was placed in the county prison for the November 29, 2013 weekend.

On January 15, 2014, Appellant was sentenced on her previously stipulated probation violation. The court revoked her four-year intermediate punishment program sentence and replaced it with a straight probationary period of two years. Appellant failed to comply with the terms of her sentence by violating the rules of the Treatment Court Program, and the court sanctioned her by remanding her to the county prison for the February 2, 2014 weekend. After several more violations and weekends in the county prison, Appellant wrote to the court asking that the court not consider treatment in state intermediate punishment. She was subsequently served with notice of another *Gagnon I* hearing, and the court deferred the *Gagnon II* sentencing to permit the parties to come up with alternative sentencing options.

On October 22, 2014, Appellant's *Gagnon II* counsel advised the court that Appellant did not want state intermediate punishment and wanted to proceed with sentencing. Counsel asked the court to consider the Probation Office's prior recommendation of two and one-half to five years imprisonment. The court sentenced Appellant to three to six years in a state correctional facility and imposed additional terms upon her release. Her

motion for reconsideration of sentence was denied and this appeal followed. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court issued its Rule 1925(a) opinion.

Appellant presents three issues for our review:

A. Whether the lower court erred when it imposed a sentence without ordering a pre-sentence investigation report or without giving reasons for not doing so?

B. Whether the lower court erred when it imposed a term of imprisonment for a technical violation?

C. Whether the lower court failed to articulate reasons for the sentence imposed as required?

Appellant's brief at 4.

Appellant presents challenges to the discretionary aspects of her sentence imposed upon revocation of probation. Our scope of review includes such discretionary sentencing challenges. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034, (Pa.Super. 2013) (*en banc*). However, the right to assert such a challenge is not absolute. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010); 42 Pa.C.S. § 9781(b). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa.Super. 2011). Failure to do so results in waiver. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P.

1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa.Super. 2012). Finally, such an appeal will only be permitted "after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Crump**, **supra** at 1282.

Appellant complied with all of the prerequisites for review. She filed a post-sentence motion articulating the challenges, identified the sentencing issues in her Pa.R.A.P. 1925(b) concise statement of issues complained of on appeal, and filed a Pa.R.A.P. 2119(f) statement in her appellate brief. In support of her claim that her allegations raise a substantial question, she relies upon **Commonwealth v. Flowers**, 950 A.2d 330 (Pa.Super. 2008) (allegation that court failed to order a pre-sentence investigation held to pose a substantial question) and **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000) (imposition of sentence of total confinement in excess of the original sentence for a technical violation of parole or probation presents a substantial question). We find that Appellant has presented a substantial question for our review.

We review a discretionary sentencing challenge for an abuse of discretion. Such review "requires us to determine consider whether a sentencing court exhibited prejudice, bias, ill-will or partiality" or committed an error of law. **Sierra, supra**. We are mindful, however, that the trial court is in the best position to consider the defendant's character and display

of remorse and we will not disturb the trial court's sentence absent a manifest abuse of discretion.

In revocation proceedings, our sentencing guidelines do not apply. 204 Pa.Code. § 303.1(b). However, the sentencing court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In addition, where the court resentences an offender following revocation of probation, it should state its reasons for doing so on the record. *Id*.

Appellant's first claim is that the trial court, by dispensing with a pre-sentence investigation, failed to satisfy the dictates of Pa.R.Crim.P. 702. That rule provides that if a PSI is not ordered, the court "must place on the record the reasons for dispensing with the pre-sentence investigation report . . . when incarceration for one year or more is a possible disposition under the applicable sentencing statutes." Pa.R.Crim.P. 702(A)(2)(a). She maintains the court did neither.

The Commonwealth counters that a PSI is within the court's discretion. Pa.R.Crim.P. 702(A). Furthermore, technical non-compliance with the requirement that the court state its reasons on the record for not ordering a PSI has been found to be harmless where the court had sufficient information to make a fully informed, individualized sentencing decision.

*Commonwealth v. Carillo-Diaz*, 64 A.3d 722, 726-27 (Pa.Super. 2013).

The Commonwealth maintains that the trial court's experience with Appellant provided the requisite information to make an informed sentencing decision.

The record confirms that the court had extensive personal knowledge of Appellant acquired throughout her lengthy history with the court, a fact acknowledged by Appellant's counsel. N.T., *Gagnon II* Hearing, 9/24/14, at 2 ("Your Honor, we are not going to dwell too much about Christy Karvan. We know that you are very familiar with her."). In addition, the court stated that it relied upon its personal knowledge, prior PSIs, and utilized the extensive probation files at its disposal in sentencing Appellant. Trial Court Opinion, 5/26/15, at 21-22.

Notably, Appellant has not pointed to any specific information that she believes the court should have considered or that would have been revealed in an updated PSI. She faults the court, however, for not inquiring into the details of her efforts at rehabilitation, how long she remained drug free, and her work history. Appellant's brief at 13. We submit that Appellant had the opportunity to present such information at sentencing and chose not to do so. Furthermore, since Appellant frequently appeared before the court for the imposition of sanctions for violating the rules of the various drug treatment programs, the court was extremely familiar with her rehabilitation efforts. Moreover, the court had the probation files detailing Appellant's rehabilitation efforts and frequent relapses. This claim fails.

Next, Appellant claims the court abused its discretion in imposing a term of total confinement for a technical probation violation. She argues that 42 Pa.C.S. § 9771(c) governs. That statute provides three instances when total confinement is proper upon revocation: when a defendant is convicted of another crime; where the defendant's conduct demonstrates that he is likely to commit another crime if not imprisoned; or where such a sentence is essential to vindicate the authority of the court. *Id*. at § 9771(c)(1-3).

Appellant maintains that incarceration was not warranted where she had merely relapsed, not committed a new crime, and where a sentence of such length was not necessary to vindicate the authority of the court. Appellant concedes, however, that technical violations of probation can support total confinement where the violations are flagrant and indicate an inability to reform. *Commonwealth v. Cappellini*, 690 A.2d 1220 (Pa.Super. 1997) (focus must be on whether probation can still be an effective tool for rehabilitation); *accord Commonwealth v. Riley*, 384 A.2d 1333 (Pa.Super. 1978) (brief period of unemployment was insufficient to convince court that probation had not been effective).

The Commonwealth contends that Appellant's violation was flagrant and her positive drug test for heroin demonstrated an inability to reform. Commonwealth's brief at 15. Additionally, the Commonwealth relies upon our decision in *Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super.

- 10 -

2004), for the proposition that Appellant's heroin use made it likely that she would commit a crime if not imprisoned.

The trial court stated that it considered the factors set forth in § 9721(b) and § 9771(c) in imposing its sentence. Trial Court Opinion, 5/26/15, at 19. Preliminarily, the court noted that this was Appellant's *nineteenth* violation of supervision on this one case. *Id*. Maintaining that it made every attempt to help Appellant to better herself, it imposed the sentence only as a "last resort." *Id*. Appellant simply failed repeatedly to comply with probationary supervision and the ongoing pattern of violation left the court with no other viable options in sentencing. *Id*. at 20. The trial court also relied upon *Cappellini*, *supra*, where continued drug use, combined with resistance to treatment and supervision, were viewed as evidence that the appellant would commit another crime for purposes of § 9771(c). *Id*. at 24.

Appellant's attack on the total confinement aspect of the sentence is undermined by her own request that the trial court sentence her to two and one-half to five years of imprisonment. N.T., Sentencing, 10/22/14, at 3. Furthermore, given Appellant's pattern of violation and failure to comply with probationary supervision, we find no abuse of discretion in the trial court's imposition of the sentence of total confinement on the facts herein.

Finally, Appellant assails the trial court for failing to articulate its reasons for imposing the sentence and argues that the purpose of the

requirement is to permit effective appellate review. She maintains that that the three to six year sentence "constituted a harsh, unreasonable and excessive sentence due to the nature of her violation." Appellant's brief at 16.

The Commonwealth counters that the trial court's failure to state its reasons on the record is excused by the trial court's knowledge of Appellant's history and circumstances. Furthermore, the Commonwealth resists any inference that the sentence was imposed to penalize Appellant because she did not want to participate in what the court viewed as the best alternative, the State Intermediate Punishment ("SIP") program.

Appellant's allegedly "harsh, unreasonable and excessive [three to six year] sentence" is only slightly more arduous than the two and one-half to five year sentence the probation office had previously recommended and that Appellant hoped the court would impose. Furthermore, in imposing the slightly more severe sentence, the trial court noted on the record that the probation office's recommendation pre-dated Appellant's most recent violation. We find no support for an inference that in imposing its sentence, the trial court was punishing Appellant for her unwillingness to participate in SIP. We find no basis to disturb the trial court's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2015