J-S50037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DORIS DENISE COLON | |
| Appellant | No. 2895 EDA 2014 |

Appeal from the Judgment of Sentence September 2, 2014
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001906-2012

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:           **FILED SEPTEMBER 30, 2015**

Appellant Doris Denise Colon appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas following the revocation of her parole and probation on an underlying conviction for possession of a controlled substance with intent to deliver.[1]  After careful review, we affirm.

The trial court aptly set forth the facts and procedural history of this case as follows:

> On November 16, 2011, Allentown Police executed a search warrant on the premises located at 148 Chestnut Street, Allentown, Lehigh County, Pennsylvania.  Appellant was in the residence.  During the search, police located fifty-eight bundles of suspected heroin and $1,855.00 in United States currency.

---

[1] 35 P.S. § 780-113(a)(30).

The suspected contraband was tested and was found to contain heroin and to weigh 27.95 grams.

Appellant pled guilty to one count of [p]ossession with [i]ntent to [d]eliver a [c]ontrolled [s]ubstance on September 26, 2012. A presentence investigation and mental health evaluation were performed on Appellant and reviewed by the [c]ourt.

On November 6, 201[2], a sentencing hearing was conducted. This [c]ourt sentenced Appellant to eleven to twenty-three months in Lehigh County Prison followed by a two[-]year probationary period.

On August 16, 2013, Appellant was paroled on her sentence. On July 15, 2014, Appellant appeared for a *Gagnon II* hearing. She admitted to violating the terms of her parole and was resentenced to serve the balance of her sentence followed by the same two-year probationary period.

Appellant was paroled again on July 24, 2014. However, she was picked up on a second parole/probation violation warrant on July 31, 2014 based on a positive drug screen.

Appellant appeared before the undersigned for a second *Gagnon II* hearing on September 2, 2014. At that time, she conceded the allegation of the violation petition regarding her drug use. At that time, the [c]ourt revoked Appellant's parole and remanded her to serve the balance of her sentence. Additionally, her probation was revoked and she was sentenced to one to four years in state prison, followed by a one-year probationary sentence consecutive to the prison term.

On September 12, 2014, Appellant filed a motion to modify her sentence. That motion was denied [on] September 25, 2014.

Appellant filed a Notice of Appeal on [October] 2, 2014.[2] She timely filed a Concise Statement [of Matters Complained of on Appeal].

_____

[2] Both the trial court and Appellant incorrectly noted the notice of appeal's filing date as November 2, 2014, well beyond the 30-day limit to timely appeal from the trial court's September 2, 2014 resentencing. ***See***
*(Footnote Continued Next Page)*

1925(a) Opinion, at 1-2 (page numbers supplied) (footnote omitted).

Appellant raises the following issue for our review:

Did the lower court err by imposing a disproportionate sentence based upon the nature of the violation and by failing to properly consider the requisite statutory factors, thus imposing an excessive sentence contrary to the fundamental norms of the sentencing process?

Appellant's Brief, p. 4 (all capitals omitted).

Appellant's claim raises a challenge to the discretionary aspects of her sentence following the trial court's revocation of her probationary sentence.[3] *See* Appellant's Brief, pp. 10-14. "An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa.Super.2008). As this Court has explained:

To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P.

_____

*(Footnote Continued)*

Pa.R.A.P. 1925(a) Opinion, November 3, 2014 ("1925(a) Opinion"), p. 2 (page number supplied); Appellant's Brief, p. 6. However, the certified record reveals that Appellant dated and timely filed the notice of appeal on October 2, 2014. *See* Notice of Appeal; *see also* Court of Common Pleas of Lehigh County Docket No. CP-39-CR-0001906-2012, p. 13.

[3] Appellant does not challenge the revocation of parole or imposition of back time for the parole violation. *See generally* Appellant's Brief.

2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S. § 9781(b)].

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa.Super.2007).

Here, Appellant filed a timely notice of appeal and preserved the issue by filing a motion for reconsideration. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, p. 9. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa.1987).

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super.2005) (internal citations omitted). On appeal from a probation revocation proceeding, this Court has previously determined a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of probation. *See Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000). Because the instant matter involves a sentence of total incarceration as a result of a technical violation of probation, we examine Appellant's claim.

- 4 -

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Ahmad***, 961 A.2d 884, 888 (Pa.Super.2008). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." ***Id.*** "[I]t is only when it becomes apparent that the probationary order is not serving this desired end [of rehabilitation] the court's discretion to impose a more appropriate sanction should not be fettered." ***Id.*** at 888-89.

"Upon revocation [of probation] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S. § 9771(b). "Thus, if the original offense was punishable by total confinement, such a penalty is available to a revocation court, subject to the limitation that the court shall not impose total confinement unless it finds that: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority." ***Kalichak***, 943 A.2d at 289. "Sentencing Guidelines do not apply to sentences imposed following a revocation of probation." ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super.2006)

- 5 -

(citation omitted). Instead, pursuant to 42 Pa.C.S. § 9721(b), the sentencing court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. *Id.* Further, technical probation violations "can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa.Super.2007); *see also Sierra*, 752 A.2d at 912 (failure to keep probation appointments); *Commonwealth v. Malovich*, 903 A.2d 1247, 1254 (Pa.Super.2006) (possession of controlled substances); *Commonwealth v. Cappellini*, 690 A.2d 1220, 1225 (Pa.Super.1997) (continued drug use and resistance to treatment).

Appellant contends that, given the technical nature of her violation, the sentence she received upon revocation was excessive. *See* Appellant's Brief, pp. 13-14. She is incorrect.

Upon revoking Appellant's probation, the trial court properly sentenced her to total confinement because she flagrantly violated her probation – for a second time – by using controlled substances. The nature of Appellant's technical violation, the haste with which she violated upon being paroled, and the fact that her violation was a carbon-copy of her previous violation, all indicated that she would likely commit another crime if not imprisoned.[4]

---

[4] In addition to indicating a likelihood that Appellant will commit another crime, we note that Appellant's second drug-use violation, occurring, as did

*(Footnote Continued Next Page)*

The trial court explained its imposition of incarceration upon the revocation of the probationary portion of Appellant's sentence as follows:

> In this case, the sentence Appellant received is appropriate and was fully warranted under the circumstances. Appellant appeared before the undersigned on July 15, 2014 conceding that she violated the terms of her parole. The [c]ourt resentenced her to the balance of her parole and reimposed the two-year probationary sentence she originally received. Additionally, the [c]ourt made Appellant eligible for early parole upon verification of residence. She was paroled approximately one week later and was detained for drug use within a single week of being paroled for the second time on the within case.
>
> Appellant's presentence investigation reports performed prior to her original sentencing date made reference to her extensive drug problems. The fact that she resumed using drugs within a week of being paroled is illustrative of the challenges she faces. It is also a strong indicator of the high likelihood that Appellant would reoffend.
>
> The sentence imposed reflects due consideration of the gravity of Appellant's offenses and her treatment needs. A structured environment with greater supervision is more likely to lead to Appellant's rehabilitation and encourage her addressing her substance abuse challenges than allowing her to serve a shorter period of time and be back on the streets where there is a greater temptation to resume her drug use. The subsequent probationary sentence following Appellant's parole serves to allow supervisory authorities to monitor her in order to aid in keeping Appellant on a drug-free life path after her incarceration.

---

*(Footnote Continued)*

the previous drug-use violation, so soon after being paroled, also indicates that a sentence of incarceration is essential to vindicate the trial court's authority.

1925(a) Opinion, pp. 4-5 (footnote omitted) (page numbers supplied). We find no abuse of discretion in the trial court's imposition of sentence following the revocation of Appellant's probation.

Moreover, the trial court sentenced Appellant within the statutory limits for her conviction. Possession of a controlled substance with intent to deliver a Schedule I drug (heroin), graded as a felony, carries a possible sentence of up to 15 years', or 180 months', incarceration. 35 P.S. § 780-113(f). Appellant's probation revocation sentence of 1 to 4 years' incarceration, together with the full back time of her revoked parole sentence of 11 to 23 months' incarceration, amounted to a sentence of 23 to 71 months' incarceration for the crime. This sentence was within statutory limits and, thus, legal. Therefore, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015