J-S61033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PIZZARO KILBY, | : | |
| | : | |
| Appellant | : | No.  784 MDA 2015 |

Appeal from the Judgment of Sentence Entered April 2, 2015,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000285-2010

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 12, 2015**

Michael Pizzaro Kilby (Appellant) appeals from his April 2, 2015 judgment of sentence, which the trial court imposed after revoking Appellant's probation.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

In March 2010, Appellant pled guilty to charges of criminal trespass, aggravated assault, and terroristic threats which arose in connection with an incident involving his girlfriend, who is also the mother of his children.  He was sentenced to an aggregate term of ten years of probation.  Appellant was also ordered to comply with the directives of Children and Youth with respect to contact with his son.  Later the same month, Appellant was

_____
*Retired Senior Judge assigned to the Superior Court.

charged with indirect criminal contempt (ICC) for violating terms of his probation. Appellant pled guilty to ICC and was sentenced to six months of incarceration.

On June 16, 2010, a probation violation hearing was held and the revocation court found Appellant had violated his probation based upon the indirect criminal contempt charge. Appellant's probation was revoked, and he was sentenced to one year less one day to two years less one day of incarceration, and an eight year term of probation, both consecutive to his ICC sentence. Appellant filed a notice of appeal, and a panel of this Court affirmed Appellant's judgment of sentence on January 31, 2011. **Commonwealth v. Kilby**, 23 A.3d 1097 (Pa. Super. 2011).

In March and April of 2014, Appellant was charged with simple assault and intimidation of witnesses. Appellant's probation officer filed a petition to issue a *capias* on the basis that these charges constituted violation of Appellant's probation and parole.[1] On December 29, 2014, Appellant appeared via video conference for a probation violation hearing. His probation officer testified that over the years Appellant has been on supervision, "there have been seven [p]rotection from [a]buse [o]rders filed against him, multiple victims. The latest victim … has been the victim in the last couple cases. They have four children together. This just continues to

---

[1] Appellant subsequently pled guilty and was sentenced to two to four years of incarceration followed by seven years of probation.

be a pattern with him." N.T., 12/29/2014, at 9-10. The revocation court concluded that Appellant "violated his probation and parole" and revoked it. On April 2, 2015, Appellant was sentenced to an aggregate term of two-and-one-half to five years of incarceration to be served concurrently with his sentences at other docket numbers.

Appellant timely filed a post-sentence motion requesting a modification of his sentence. That motion was denied, and Appellant filed a notice of appeal. The revocation court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

The following principles guide our review of this matter:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If

the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure:

Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the above requirements.[2] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

---

[2] Appellant has not responded to counsel's petition to withdraw.

Counsel presents one issue that arguably supports this appeal. Specifically, counsel raises a challenge to the discretionary aspects of Appellant's sentence. Appellant's Brief at 8-10.

It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006); *see also Commonwealth v. Ahmad,* 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal and that he preserved this issue by including it in his post-sentence motion. Appellant has not included in his brief a statement pursuant to Pa.R.A.P. 2119(f). However, "[w]here counsel files an *Anders* brief, this Court has

reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

We now consider whether Appellant has presented a substantial question for our review. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted).[3]

Assuming *arguendo* that Appellant's arguments that his sentence is excessive and the revocation court failed to consider mitigating factors raise a substantial question, we bear in mind our well-settled standard of review.

> When reviewing sentencing matters, we must accord the
> sentencing court great weight as it is in the best position to view

---

[3] Because Appellant was convicted of new charges, the revocation court was clearly permitted to impose a term of incarceration upon the revocation of Appellant's probation. ***See Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004) ("Pennsylvania law provides that once probation has been revoked, a sentence of total confinement may be imposed if … the defendant has been convicted of another crime[.]").

defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion: In order to constitute an abuse of discretion a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Commonwealth v. Cappellini*, 690 A.2d 1220, 1228 (Pa. Super. 1997) (quotations and citations omitted).

A review of the revocation court's rationale reveals that it did not abuse its discretion in fashioning Appellant's sentence. The trial court stated as follows.

[Appellant] is 34 years of age, which shows sufficient maturity to understand the significance of his acts.

[Appellant] is intelligent enough to understand the significan[ce] of his acts, since, according to the information provided, the Commonwealth Clinical Group, he obtained his GED in 1997.

[Appellant] has no verifiable work history, but he does have an extensive criminal history consisting of convictions on 14 separate dockets as an adult and now this, his sixth [probation violation].

While on adult supervision, he has repeatedly violated the No Contact Order, picked up new charges, and generally engaged in a myriad of rule violations, defiant and noncompliant behavior.

I've considered the extremely comprehensive and detailed PSI, the character of [Appellant], arguments of counsel and [Appellant's] statement to me. And in light of [Appellant's] utter refusal or inability to comply with the terms and conditions of

Probation and Parole that have been imposed upon him, total confinement is warranted, and, indeed, it's essential to vindicate the authority of this Court.

The conduct of [Appellant] indicates that it is not just probable but it appears absolutely certain that he will commit more crimes if given another sentence of probation or partial confinement without the appropriate counseling and treatment he needs.

Probation has proven to be an ineffective vehicle to accomplish rehabilitation and an insufficient deterrent against further antisocial behavior.

Incarceration is warranted because a lesser sentence would depreciate the seriousness of the underlying crimes and his ongoing defiance of this Court.

N.T., 4/2/2015, at 9-10.

It is evident the revocation court considered Appellant's individual needs in sentencing him to a term of incarceration. The sentence runs concurrently with the term of incarceration he is already serving, and encourages him to participate in "drug and alcohol, psychological, educational or vocational programs at his assigned SCI." *Id*. at 11.

Based on the foregoing, we conclude that Appellant's issue challenging the discretionary aspects of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248.[4] Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[4] If the sentence can be faulted at all, it is because it is too lenient in allowing a serial abuser to serve his sentence concurrently.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015