J. S38003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAFIYQ DAVIS, | : | No. 2129 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 23, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009574-2008

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 20, 2016**

Rafiyq Davis appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County on June 23, 2015, after the sentencing court revoked appellant's probation and sentenced him to 6 to 24 months of incarceration followed by 4 years of probation.  We affirm.

The trial court set forth the following:

> Appellant was on probation after a guilty verdict following a bench trial before the Honorable Ellen Ceisler.  Appellant was found guilty of carrying a firearm on the streets of Philadelphia,[1] carrying a firearm without a license,[2] and possession of a firearm by a prohibited person.[3]  On March 20, 2009, Judge Ceisler sentenced Appellant to an

---

[1] 18 Pa.C.S.A. § 6108.

[2] 18 Pa.C.S.A. § 6106(a)(1).

[3] 18 Pa.C.S.A. § 6105(a)(1).

aggregate three to six years of incarceration, followed by four years of reporting probation.[Footnote 1] Subsequently, Appellant's supervision was transferred to this court.

> [Footnote 1] [Judgment] of sentence was affirmed at 920 EDA 2009. Allowance of appeal was denied at 254 EAL 2010.

> This instant appeal arises from this court's judgment of sentence following a violation hearing on June 23, 2015. At the violation hearing, the court was presented with the Gagnon II Summary filed by Appellant's probation officer. The court was informed that Appellant had given positive urinalysis for marijuana on all four of his tests since his last violation hearing on April 20, 2015, and that one test was additionally positive for PCP. Notes of Testimony, 6/23/2015, p. 7-8. The court was informed that Appellant had tested positive for marijuana seven times prior to his previous violation hearing. *Id.*, at 15-16. The court was informed that Appellant was neither seeking employment, nor attempting to complete his court-ordered twenty hours of community service. *Id.* The court was informed that Appellant smirked and laughed at his probation officer when she confronted him about his inconsistent attendance at Gaudenzia drug treatment, telling her that he had better things to do. *Id.*

> The court revoked probation and sentenced appellant to a period of six to twenty-four months['] incarceration, followed by four years of probation. This appeal followed.

Sentencing court opinion, 10/6/15 at 1-2.

Appellant raises the following issues for our review:

> 1. Did not the lower court err and violate the requirements of 42 Pa.C.S.A. § 9771(c) by sentencing appellant to total confinement absent his having been convicted of a new

crime, absent any indication that he was likely to commit a new crime, and absent a need to vindicate the authority of the court?

2.   Did not the lower court err and abuse its discretion when it failed to order a pre-sentence investigation report, or state its reasons for dispensing with one on the record, in violation of the Rules of Criminal Procedure?

Appellant's brief at 3.

Appellant challenges the discretionary aspects of his sentence.

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.  In more expansive terms, our Court recently offered:  An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912

(Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

Here, the record reflects that appellant filed a timely notice of appeal, properly preserved his sentencing issues in his post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we must now determine whether appellant raises a substantial question.

We determine whether an appellant raises a substantial question on a case-by-case basis. **Commonwealth v. Swope**, 123 A.3d 333, 338 (Pa.Super. 2015) (citation omitted). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (citation omitted).

Here, appellant first contends that the sentencing court violated 42 Pa.C.S.A. § 9771(c) by imposing a sentence of total confinement following a technical probation violation absent his having been convicted of a new crime, absent any indication that he was likely to commit a new crime, and absent a need to vindicate the authority of the court. The imposition of a sentence of total confinement following the revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010) (citation omitted).

> When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S.[A.] § 9771. *Commonwealth v. Ferguson*, [893 A.2d 735, 738 (Pa.Super. 2006)]. Under 42 Pa.C.S.[A.] § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> 1. the defendant has been convicted of another crime; or

> 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> 3. such a sentence is essential to vindicate the authority of this court.
>
> ***See also Commonwealth v. Coolbaugh***, [] 770 A.2d 788 (Pa.Super. 2001).
>
> A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. ***Commonwealth v. Malovich***, [] 903 A.2d 1247 (Pa.Super. 2006).

***Crump***, 995 A.2d at 1282-1283.

Here, the record reflects that appellant appeared before the sentencing court at a probation revocation hearing on April 20, 2015, which was two months prior to the June 23, 2015 probation revocation hearing that is the subject of this appeal. (Notes of testimony, 6/23/15 at 4-9.) At the April 20, 2015 proceeding, the sentencing court found appellant in technical violation of his probation for, among other things, testing positive for marijuana on 7 occasions and failing to provide a required urinalysis. (***Id.*** at 6-7.) At that proceeding, the sentencing court gave appellant another opportunity and continued his probation. (***Id.*** at 7, 16.)

The record further reflects that following the April 20, 2015 revocation hearing, appellant tested positive 4 out of 4 times for marijuana, and on 1 occasion, he tested positive for phencyclidine, known as PCP. (***Id.*** at 7.)

Appellant also failed to complete his community service and attend drug treatment. (*Id.* at 7-8.) These violations necessitated the June 23, 2015 probation revocation hearing. (*Id.* at 4-8.)

At the June 23, 2015 probation revocation proceeding, the sentencing court conducted a colloquy with appellant concerning appellant's continued and constant marijuana use and his failure to attend drug treatment. (*Id.* at 12-33.) The record also reflects that at the time of the hearing, appellant was unemployed, not seeking employment, and that he had failed to perform court-ordered community service. (*Id.* at 24.)

Therefore, the record supports the conclusion that a sentence of total confinement was necessary to vindicate the court's authority and because appellant's continued and constant drug use and his failure to attend drug treatment make it likely that he will commit another crime. ***See Commonwealth v. Cappellini***, 690 A.2d 1220, 1225 (Pa.Super. 1997) (total confinement following probation revocation appropriate because appellant's "continued drug use, combined with his resistance to treatment and supervision, is enough to make a determination that, unless incarcerated, appellant would in all likelihood commit another crime"). Therefore, appellant's first discretionary sentencing challenge warrants no relief.

In his second and final challenge, appellant claims that the sentencing court abused its discretion because it failed to order a pre-sentence

investigation report ("PSI") and failed to state its reasons for dispensing with one on the record. We have held that this claim presents a substantial question. *See Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 724-725 (Pa.Super. 2013).

Pennsylvania Rule of Criminal Procedure 702 vests a sentencing judge with the discretion to order a PSI to aid the court in imposing an individualized sentence. *See* Pa.R.Crim.P. 702. While case law does not require that the sentencing court order a PSI under all circumstances, it does restrict the court's discretion to dispense with a PSI to circumstances where the necessary information is provided by another source. *Carrillo-Diaz*, 64 A.3d at 726 (citations omitted). Case law further establishes that the court must be apprised of comprehensive information to make the punishment fit not only the crime, but also the person who committed it. *Id.* (citations omitted). Although Pa.R.Crim.P. 702(A)(2) requires that the sentencing court document the reasons for not ordering a PSI, this court has made it clear that sentencing courts have some latitude in how to fulfill this requirement. *Carrillo-Diaz*, 64 A.3d at 726 (citations omitted). Therefore, where the sentencing court elicits sufficient information during the colloquy to substitute for a PSI, thereby allowing a fully informed sentencing decision, technical non-compliance with the requirements of Pa.R.Crim.P. 702(A)(2) is rendered harmless. *Carrillo-Diaz*, 64 A.3d at 726 (citations omitted).

Here, in addition to the record facts we set forth when disposing of appellant's first challenge, our review of the record also supports the following as set forth in the sentencing court's Rule 1925(a) opinion:

> During the revocation hearing, the court inquired as to Appellant's home life, familial-social support, and employment situation. [(Notes of testimony, 6/23/15 at 12-13.)] The court also inquired as to the nature of Appellant's drug abuse. [(*Id.* at 14-16.)] The court was able to evaluate Appellant's candor and contrition, or lack thereof. [(*Id.* at 17-19.)] The court evaluated Appellant in terms of personal responsibility. [(*Id.* at 29.)] Based on its inquiries, the court was comfortable that it had sufficient information to render an individualized sentence, based on Appellan[t's] circumstances.

Sentencing court opinion, 10/6/15 at 8.

Following a careful review of the record before us, we find that the sentencing court conducted a proper pre-sentence inquiry in the absence of a PSI that allowed for a fully informed sentencing decision. Consequently, appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016

- 9 -