J-S22004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CRYSTAL KIVIAN ADAIR :
:
Appellant : No. 26 MDA 2025

Appeal from the Judgment of Sentence Entered December 2, 2024
In the Court of Common Pleas of Montour County Criminal Division at
No(s): CP-47-CR-0000165-2023

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED: AUGUST 19, 2025**

Crystal Kivian Adair appeals from the judgment of sentence, entered in the Court of Common Pleas of Montour County, following her guilty plea to one count of disorderly conduct.[1] After careful review, we affirm.

On October 3, 2023, after fighting with a male companion in the parking lot of a local supermarket, Adair was charged, *inter alia*,[2] with one count of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5503(a)(4).

[2] Adair was also charged with simple assault, 18 Pa.C.S.A. § 2701(a)(1); possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31); use/possession of drug paraphernalia, *id.* § 780-113(a)(32); and harassment, 18 Pa.C.S.A. § 2709(a)(1). The charges for possession of a small amount of marijuana and use/possession of drug paraphernalia were nolle prossed. The charges for harassment and simple assault were dismissed.

disorderly conduct,[3] which the Commonwealth added at a pre-trial conference on December 2, 2024. On the same date, Adair entered a guilty plea to that count.

Adair waived a presentence investigation report (PSI), and the court proceeded immediately to a sentencing hearing after the parties agreed that it would be a probationary sentence with restorative sanctions. At sentencing, Adair acknowledged on the record that she had a prior record score (PRS) of zero. Adair also testified as to her character and remorse for her offense. Furthermore, Adair completed a written guilty plea colloquy form, which was on the record at the time of sentencing.

The court sentenced Adair to 12 months' probation and to pay the costs of prosecution and a fine of $300.00, with a special condition that Adair receive a mental health evaluation and comply with any treatment recommendations. It is undisputed that the sentencing court did not provide an on-the-record statement of its reasons for imposing the sentence. *See* Appellant's Brief at 10; Trial Court Opinion at 1.[4] However, neither the Commonwealth nor Adair opposed the sentencing order at the hearing. Adair did not file a motion for reconsideration of sentence.

---

[3] 18 Pa.C.S.A. § 5503(a)(4).

[4] The Commonwealth declined to submit a brief to this Court.

On December 31, 2024, Adair filed a timely notice of appeal. Both Adair and the trial court have complied with Pa.R.A.P. 1925. Adair raises the following issues for our consideration:

(1) Does a [t]rial [c]ourt's failure to follow the mandatory sentencing procedure codified at 42 Pa.C.S.[A.] § 9721(b)—to set forth its reasons for sentencing on the record at the time of sentencing—render the resulting sentence illegal?

(2) Did the [t]rial [c]ourt set forth its reasons for sentencing Adair to twelve (12) months of probation on the record at the time of sentencing pursuant to 42 Pa.C.S.[A.] § 9721(b)?

Appellant's Brief at 6.

In her first issue, Adair claims that the language and statutory scheme of 42 Pa.C.S.A. § 9721(b) sets forth the authority of a sentencing court to impose a sentence, rather than its discretion in sentencing, thereby implicating the legality of her sentence. *Id.* at 16. Specifically, Addair argues that the General Assembly's choice to use the word "shall" in section 9721(b) demonstrates its intent to make section 9721(b) a mandatory part of the sentencing scheme, which cannot be avoided through the exercise of a sentencing court's discretion. *Id.* at 18-19. Further, Adair asserts that because section 9721(b) creates a procedural mechanism for non-compliant sentences that could deprive a sentencing court of its ability to issue a

sentence,[5] section 9721(b) implicates a sentencing court's authority, not its discretion. Finally, Adair contends that because the sentencing court failed to abide by a mandatory sentencing procedure, that error rendered the resultant sentence illegal. *Id.* at 22.

The question of whether a claim implicates the legality of a sentence presents a pure question of law. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014). An illegal sentence is one that is imposed without authority. *Commonwealth v. Prinkey*, 277 A.3d 554, 561 (Pa. 2022). Classic examples of illegal sentences are where the sentence exceeded the statutory maximum for the offense or where a court lacking jurisdiction imposed the sentence. *See Commonwealth v. Dimatteo*, 177 A.3d 182, 192 (Pa. 2018).

Likewise, there are classic examples of discretionary aspect claims, including complaints that a sentence was insufficiently explained. *Commonwealth v. Foster*, 17 A.3d 332, 350 (Pa. 2011) (Castile, C.J., concurring); *see, e.g. Commonwealth v. Nevels*, 203 A.3d 229, 247 (Pa. Super. 2019) (assessing discretionary aspect where sentencing court did not state sentencing factors on record); *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (assessing discretionary aspect where appellant

---

[5] "Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant." 42 Pa.C.S.A. § 9721(b).

claimed sentencing court did not state sentencing factors on record); *Commonwealth v. Cappellini*, 690 A.2d 1220, 1227-28 (Pa. Super. 1997) (assessing discretionary aspect where appellant made claim that sentencing court failed to state reasons for sentence on record). We conclude, therefore, that Adair's claim that the sentencing court failed to set forth its reasons for sentencing on the record at the time of sentencing challenges a discretionary aspect of sentencing, not the legality of her sentence.

Having concluded that Adair's claim is a discretionary aspect of sentencing claim, we must determine whether it has been preserved for our review. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) ("[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."). It is well-established that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). Here, Adair's Rule 1925(b) statement lacks a discretionary aspect claim that the sentencing court failed to state its reasons for the sentence pursuant to 42 Pa.C.S.A. § 9721(b) and, therefore, it is waived. Furthermore, even if Adair had preserved this claim in her Rule 1925(b) concise statement, we observe that she failed to preserve it in her brief. In order to preserve a discretionary aspect of sentencing claim, we conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citations and brackets omitted).  Here, neither Adair nor her counsel argued that the court failed to state its reasons for sentence when they spoke to the court or in a post-sentence motion.  Furthermore, Adair's brief lacks a Pa.R.A.P. 2119(f) statement and discussion of a substantial question.[6]  In light of these preservation issues, we find that Adair has waived a claim as to this discretionary aspect of her sentence.

In her second issue, Adair argues that the trial court violated the sentencing requirements of section 9721(b) because it failed to state the reasons for the sentence imposed for disorderly conduct, which is a misdemeanor.  Appellant's Brief at 14.

---

[6] "When the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate. . . ." **Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004).  The Commonwealth's failure to object to Adair's lack of 2119(f) allows us to ignore the omission.  However, Adair's failure to challenge the discretionary aspects of her sentence at sentencing or in a post-sentencing motion creates a preservation issue that cannot be overlooked.

Adair's second claim, like her first, challenges the discretionary aspects of her sentence. Similar to her first issue, Adair fails to preserve it and, thus, it is waived.[7] **See Castillo**, 888 A.2d at 780; **Moury**, 992 A.2d at 170.

Judgment of sentence affirmed.

_____

[7] Even if Adair had successfully petitioned our court to consider a discretionary aspect claim, we would find it meritless. The standard of review with respect to sentencing is abuse of discretion, where "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgement for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Watson**, 228 A.3d 928, 937 (Pa. Super. 2020) (citation omitted).

A sentencing court must state on the record its reasons for imposing sentence. **Malovich**, 903 A.2d at 1253; **see also** 42 Pa.C.S.A. § 9721(b). However, "[t]he court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). . . . The record as a whole must reflect due consideration by the court of the statutory considerations." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014) (quoting **Commonwealth v. Coulverson**, 34 A.3d 135, 145-46 (Pa. Super. 2011)).

Adair's interpretation of section 9721(b) is more rigid than this Court's precedent on the matter. Adair claims that the sentencing court violated the requirements of section 9721(b) when it failed to explicitly state its sentencing rationale on the record at the time of sentencing. **See** Appellant's Brief at 14. Conversely, we believe that, under **Antidormi** and **Coulverson**, the record as a whole reflected the sentencing court's due consideration of the statutory considerations because the court had an extensive written guilty plea colloquy form, had Adair's oral testimony at sentencing and knowledge of her prior record score, and the parties agreed to a standard range sentence prior to sentencing. Therefore, we find no abuse of discretion where the sentencing court had extensive information on the record for its consideration.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>08/19/2025</u>